PER CURIAM.
Samuel H. Wigfals appeals the trial court’s order dismissing his petition for habeas corpus while he was incarcerated in the Orange County Central Florida Reception Center. After the trial court ordered the Florida Probation and Parole Commission to respond to the petition, Wigfals was transferred to and incarcerated in the Baker Correctional Institution.
When the Florida Probation and Parole Commission (FPPC) responded to the trial court’s order to show cause why Wigfals’ petition should not be granted, FPPC filed its motion to transfer venue to Baker County. The motion to transfer venue followed Wigfals’ notice of voluntary dismissal of his petition for habeas corpus, his notice of address change to Baker County and finally his request for reinstatement of his initial petition. Instead of transferring venue, the trial court in Orange County reasoned that it no *645 longer had jurisdiction because section 79.09, Florida Statutes (1995) requires writs to be filed in the county where a prisoner is detained.
Wigfals’ initial selection of venue in Orange County was appropriate since he was incarcerated there. His later transfer to Baker County provided grounds for the transfer of venue to Baker County as requested by FPPC rather than dismissal of the petition.
We therefore vacate the order of dismissal and remand for an order transferring the matter to the circuit court for Baker County.
ORDER VACATED; REMANDED.
PETERSON, C.J., and W. SHARP and GOSHORN, JJ., concur.